IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE JOINER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2280-P |
| | § | |
| STACEY LANDRUM | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Wayne Joiner, a disabled veteran, against Stacey Landrum, the District Clerk of Hunt County, Texas. On December 1, 2009, plaintiff tendered a two-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on December 22, 2009. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).[1]

---

[1] Plaintiff also filed a motion for default judgment as a result of Landrum's failure to answer his complaint. Because Landrum has never been served with process, she is not in default.

II.

Plaintiff alleges that he mailed two lawsuits to the Hunt County District Clerk several months ago. When the clerk failed to respond to an inquiry about the status of the lawsuits, plaintiff went to the clerk's office and met with Stacey Landrum. During that meeting, Landrum informed plaintiff that he must either pay the statutory filing fee or request permission to proceed *in form pauperis* on a court-approved form. However, Landrum refused to help plaintiff locate the appropriate form. Because plaintiff does not have the financial resources to pay the filing fee, he maintains that Landrum violated his right to due process and denied him access to the courts by refusing to file his lawsuits.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, \_\_\_ U.S. \_\_\_, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The gravamen of plaintiff's complaint is that he has been denied his constitutional right of access to the courts. "A substantive right of access to the courts has long been recognized . . . as 'one of the fundamental rights protected by the Constitution.'" *Chalmers v. Wilhelm*, No. 3-01-CV-0153-D, 2001 WL 1142706 at *2 (N.D. Tex. Sept. 25, 2001), *quoting Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986). To prevail on this claim, plaintiff must show that he suffered some "actual injury." *See Lewis v. Casey*, 518 U.S. 343, 349-50, 116 S.Ct. 2174, 2179-80, 135 L.Ed.2d 606 (1996). This, in turn, requires proof that the denial of access to the court prejudiced plaintiff's position as a litigant or "hindered his efforts to pursue a legal claim." *Id.*, 116 S.Ct. at 2179-80.

Here, the clerk did not deny plaintiff access to the courts. Instead, she merely informed plaintiff that he must either pay the statutory filing fee or file a motion to proceed *in forma pauperis*. Although this unfortunate situation might have been avoided had the clerk provided plaintiff with a form motion or at least advised him of the requirements of Texas Rule of Civil Procedure 145,[2]

---

[2] Rule 145 provides, in pertinent part:

> (a) In lieu of paying or giving security for costs of an original action, a party who is unable to afford costs must file an affidavit as herein described. A "party who is unable to afford costs" is defined as a person who is presently receiving a governmental entitlement based on indigency or any other person who has no ability to pay costs.
>
> Upon the filing of the affidavit, the clerk must docket the action, issue citation and provide such other customary services as are provided any party.

her conduct does not rise to the level of a constitutional violation. *See Wells v. Welborn*, 165 Fed.Appx. 318, 322, 2006 WL 237518 at *3 (5th Cir. Jan. 30, 2006) (clerk does not commit unconstitutional act by enforcing rules of procedure). Nor does plaintiff have an absolute right to prosecute his state lawsuits without paying a filing fee. *See Willis v. Shaw*, 186 F.R.D. 358, 361 (E.D. Tex. 1999), *citing Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). An indigent litigant is permitted to file a civil lawsuit only when the action is not frivolous or malicious. *Id.* Under Rule 145, as long as the appropriate information is included in an affidavit of inability to pay, litigants who are unable to pay the filing fee are excused from doing so. *Id.* In other words, "Rule 145 . . . does not abrogate indigents' rights to access to courts, but rather, insures it." *Id.*

Plaintiff also fails to allege a due process violation. To state a constitutional claim for denial of due process, plaintiff must identify a life, liberty, or property interest protected by the Fourteenth Amendment to the United States Constitution. *See Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). Other than his right of access to the courts, which has been thoroughly addressed herein, plaintiff has not identified any constitutionally protected interest. Consequently, he cannot maintain a civil rights action under 42 U.S.C. § 1983.

---

(b) The affidavit must contain complete information as to the party's identity, nature and amount of governmental entitlement income, nature and amount of employment income, other income, (interest, dividends, etc.), spouse's income if available to the party, property owned (other than homestead), cash or checking account, dependents, debts, and monthly expenses. The affidavit shall contain the following statements: "I am unable to pay the court costs. I verify that the statements made in this affidavit are true and correct." The affidavit shall be sworn before a notary public or other officer authorized to administer oaths. If the party is represented by an attorney on a contingent fee basis, due to the party's indigency, the attorney may file a statement to that effect to assist the court in understanding the financial condition of the party.

TEX. R. CIV. P. 145.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE